# STATE COURT PLEADINGS

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | |
| | ) | |
| Paulette T. Gilmore | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2012-CP-_10_-_2749_ |
| vs. | ) | |
| | ) | |
| The Boeing Company | ) | |
| Defendant(s) | ) | |

| | |
|---|---|
| (Please Print) | SC Bar #: 3487 |
| Submitted By: Benjamin M. Mabry | Telephone #: 803-251-2266 |
| Address: 300 Candi Lane, Columbia South Carolina 29210 | Fax #: 803-255-0238 |
| | Other: |
| | E-mail: bmabry@mabryfirm.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

### DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

### NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☒ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |
| Special/Complex /Other | | | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☒ Medical (620) | ☐ Out-of State Depositions (650) | | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _/s/_    Date: 4-24-12

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | CIVIL ACTION NO.: 2012-CP-___-____ |
| ) | |
| Paulette T. Gilmore, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **SUMMONS** |
| The Boeing Company, ) | (Jury Trial Demanded) |
| ) | |
| Defendant, ) | |
| _____) | |

**TO THE DEFENDANT ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at his office at 300 Candi Lane, Columbia, South Carolina 29210, within thirty (30) days after the service hereof, exclusive of the day of service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

MABRY LAW FIRM LLC

BY: _____
Benjamin M. Mabry (3487)
Janet E. Rhodes (77214)
300 Candi Lane
Columbia, South Carolina 29210
Telephone: 803 – 251-2266
Facsimile:  803 – 255-0238
Attorneys for Plaintiff

April 24, 2012

1

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF CHARLESTON ) CIVIL ACTION NO.: 2012-CP-___-____
)
Paulette T. Gilmore, )
)
)
       Plaintiff, )
vs. )
)
) COMPLAINT
The Boeing Company, ) (Jury Trial Demanded)
)
       Defendant, )
)

The Plaintiff complaining of the Defendant would respectfully allege that:

## PARTIES AND JURISDICTION

1. The Plaintiff, a female African American, is a citizen and resident of the County of Dorchester, State of South Carolina and the Defendant is a corporation organized and existing according to the laws of a state of the United States and does business in South Carolina including Charleston County South Carolina.

2. This action is brought pursuant to the Civil Rights Act of 1866; 42 U.S.C. § 1981 for race discrimination and retaliation for reporting and complaining about race discrimination and the Family and Medical Leave Act (FMLA) 29 USC § 2601 et.seq.

## FACTUAL ALLEGATIONS AND FIRST CAUSE OF ACTION
(Race discrimination/retaliation section 1981)

3. The Plaintiff was originally hired by the Defendant 2008 and worked for same until her termination on or about March 23, 2011. At all relevant times the job performance of Plaintiff met the reasonable expectations of her employer.

4. In 2009 Plaintiff began reporting racially biased comments including the regular use of the "N" word by white co-workers. The offensive word was used frequently and in earshot of the Plaintiff.

1

5. Plaintiff was not allowed to use a specific break room because of her race. The break room in the Paint Building was "reserved" for white employees.

6. Plaintiff reported the racially biased and offensive behavior to managers and officials in Human Resources. This reporting had no ameliorating affect on the behavior and instead caused the Defendant, through the acts of its agents, servant, managers and employees to target and retaliat against Plaintiff.

7. The retaliation included illegitimate write ups and counseling, unfair criticisms and the like. She also did not receive proper raises. She was moved around unnecessarily. She was unfairly labeled as a complainer or "rat."

8. Defendant has also retaliated against the Plaintiff by making it difficult and near impossible for her to obtain suitable substitute employment and by stating that she is not eligible for rehire.

9. Ultimately Plaintiff was terminated for illegitimate reasons. The real reason for her termination was her race and because she engaged in protected activity by complaining about racially offensive and demeaning behavior by Boeing employees.

10. In 2009, Plaintiff applied for the position of Aircraft Assembler Lead. She was highly qualified for the job but was rejected in favor of a much less qualified white employee. Plaintiff was rejected on or about December 29, 2009.

11. The actions of Defendant were a knowing and willful violation of section 1981.

12. That as a direct result and consequence the Plaintiff has and will lose in the nature of wages and benefits, has and will experience pain and suffering, emotional distress, mental anguish, loss of reputation and other compensatory damages.

13. As a further direct result and consequence Plaintiff is entitled to back pay, reinstatement, front pay, compensatory damages, punitive damages attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### (FMLA)

14. The allegations contained above are re-alleged herein as if repeated verbatim.

15. The Plaintiff suffered a serious on the job back injury. Even thought the Plaintiff was unable to fully perform her job duties at times she was required to work. Plaintiff missed some time from work but said absences were all excused by her doctors. She missed less than two weeks or work but was terminated in violation of the FMLA for excessive absences.

16. The Plaintiff is therefore entitled to back pay, reinstatement, front pay, liquidated damages and attorney's fees and costs a result of Defendant's violation of the FMLA

**WHEREFORE**, Plaintiff prays for back pay, reinstatement, front pay, liquidated damages, punitive damages, attorney's fees and costs.

Mabry Law Firm, LLC

BY: _____
Benjamin M. Mabry (3487)
Janet E. Rhodes (77214)
300 Candi Lane
Columbia, South Carolina 29201
Phone: (803) 251-2266
Fax: (803) 255-0238
Attorneys for Plaintiff

April 24, 2012
Columbia, South Carolina

3

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | C/A NO: 2012-cp-10-2749 |
| ) | |
| Paulette T. Gilmore, ) | |
| Plaintiff, ) | CERTIFICATE OF SERVICE |
| v. ) | |
| The Boeing Company, ) | |
| Defendant. ) | |

I, Traci B. Wolfe, Legal Assistant to Benjamin M. Mabry, certify that I have served the foregoing Summons and Complaint upon all defendants of record by affixing same with proper postage and placing the same in the United States Postal Service, Certified, Return Receipt Requested, addressed to the Defendants' as registered agent on the 30th day of April 2012.

Corporation Service Company
1703 Laurel Street
Columbia, SC 29201

Traci B. Wolfe

Columbia, South Carolina